UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY M., | ) | |
| | ) | |
| Plaintiff, | ) | No. 20-cv-6735 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| KILILO KIJAKAZI, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Holly M.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits under the Social Security Act. The Parties have filed cross motions for summary judgment.[2] **For** the reasons detailed below, Plaintiff's Motion for Summary Judgment (dkt. 16) is GRANTED and Defendant's motion (dkt. 21) is DENIED. The case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**1.     Procedural Background and ALJ Decision**

On August 9, 2017, Plaintiff filed a claim for disability insurance benefits with an alleged onset date of February 10, 2016. (Administrative Record ("R.") R. 15.) Plaintiff's claim was denied initially and upon reconsideration, after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Subsequently, on January 6, 2020, the ALJ issued an unfavorable decision finding Plaintiff not disabled under the Act. (R. 15-36.)

The ALJ's decision followed the familiar five-step analytical process required by 20 C.F.R.

---

[1]   In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]   Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security [dkt. 16], which the Court construes as a motion for summary judgment.

§ 416.920. As part of the that decision, the ALJ found Plaintiff had the following severe impairments: myofascial pain syndrome; fibromyalgia; undifferentiated inflammatory arthritis; degenerative disc disease; hip bursitis; and asthma. (R. 17.) The ALJ determined that Plaintiff's Sjögren's Syndrome; overactive bladder; vitamin D deficiency; sleep apnea; affective disorder; and post-traumatic stress disorder were all nonsevere impairments. (R. 18-19.) The ALJ crafted a light work residual functional capacity ("RFC") finding that allowed for, *inter alia* "sitting or standing at the workstation, such that [Plaintiff] is not off task more than 10% of the work period." (R. 23.) The ALJ also found Plaintiff capable of performing her past relevant work as a medical receptionist and retail customer service manager. (R. 35.)

Plaintiff sought Appeals Council review of the ALJ's decision. (R. 236-37.) On September 9, 2020, the Appeals Council denied Plaintiff's request for review (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff, through counsel, filed the instant action on November 12, 2020, seeking review of that decision. (Dkt. 1.)

**2. Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court

2

reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C. § 405(g).

**3. Discussion**

Plaintiff contends, among other things, that the ALJ improperly and incompletely assessed Plaintiff's RFC. The Court agrees.

SSR 96-9p states that the RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. Similarly, SSR 96-8p states that in assessing RFC, the ALJ must describe the maximum amount of each work-related activity (such as sitting and standing) the individual can perform. Here, the ALJ crafted an RFC limited to light work that allowed for "sitting or standing at the workstation, such that [Plaintiff] is not off task more than 10% of the work period." (R. 23.) However, the RFC is silent as to the frequency of the sit/stand option and the maximum amount of sitting and standing Plaintiff was capable of.

This omission is not harmless because the ALJ found that Plaintiff is capable of performing her past work, as discussed above. The vocational expert testified that an individual would not be performing work (*i.e.*, would not be on-task) while sitting at a light level job. (R. 112- 13.) As Plaintiff points out, the expert's testimony confirms that any more than minimal sitting in a light job – such as Plaintiff's retail customer service job as actually performed – would take her off-task more than 10% of time, precluding such work, while more than minimal standing at a sedentary job such as her past receptionist job as actually and generally performed would also take her off-task more than 10% of the time. (R. 35, 111-13.) If Plaintiff needed to sit for three hours daily, for example, she would be unable to sustain the on-task requirements of light work. Moreover, the VE pointed out that the

3

opportunity to sit at a light level job would depend on whether the employer provided a chair, and employers are not required to provide them for light level jobs. (R. 112-13.) Similarly, if Plaintiff had to stand for three hours daily at a sedentary job, she could not perform such a position, as standing would take her off-task in the sedentary work context. (*Id.*)

The ALJ also did not compare Plaintiff's specific duties of her past relevant work with her RFC. In *Smith v. Barnhart*, 388 F.3d 251, 252 (7th Cir. 2004), the Seventh Circuit held that an ALJ cannot simply consider whether a claimant could perform some type of sedentary work but whether she could perform the duties of the specific jobs that she had held. In other words, if an ALJ is going to find a claimant can perform their past relevant work, the ALJ must analyze the demands of that specific past relevant work; it is not enough to generally find a claimant capable of performing work at a particular exertion level. However, it appears this is what the ALJ did here – while the ALJ found Plaintiff generally able to perform light work, because the ALJ did not ask or analyze how many hours an individual had to sit or stand at Plaintiff's past relevant jobs, she was unable to compare those demands to Plaintiff's abilities. Because the ALJ did not make a finding as to Plaintiff's sitting and standing capacities in accordance with SSRs 96-8p and 96-9p, there is a void in the ALJ's opinion as to whether Plaintiff could actually meet the demands of her past jobs.

Several abnormal examinations of Plaintiff's lumbar, sacroiliac, hip, and ankle impairments support Plaintiff's alleged problems with extended sitting and standing (R. 568, 642, 700), as do her own statements (R. 63, 78-79, 299-300, 302) and those of her husband (R. 386, 289, 293). Had the ALJ made findings as to Plaintiff's sitting and standing capacities and frequency of the sit/stand option required, the ALJ may well have found that Plaintiff could not have performed her past jobs. The ALJ was required to make these findings, yet did not. Based on the VE's testimony, these findings may have been work-preclusive. Therefore, the Court must remand on this basis.

Defendant argues that substantial evidence supports the ALJ's Step 4 findings because the

4

VE's testimony itself has sufficient indicia of reliability and constitutes substantial evidence supporting an ALJ's vocational finding. [Dkt. 22, p. 19 (citing *Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019).] However, even under the very same case law cited by Defendant, it is clear the substantial evidence inquiry is on a case-by-case basis and "takes into account all features of the vocational expert's testimony, as well as the rest of the administrative record..." *Biestek*, 139 S.Ct. at 1149. Moreover, *Biestek* concerned job availability numbers, and not whether an individual with Plaintiff's RFC could perform Plaintiff's past work, as Defendant implies. Here, the Court finds no particular indicia of reliability to the VE's testimony, particularly without a finding as to off-task time for Plaintiff.

Defendant goes on to argue that even if the ALJ's Step 4 analysis was in error, that is a harmless error because there existed a significant number of jobs in the economy at Step 5 of the sequential process. This argument is a nonstarter because the ALJ did not find Plaintiff could perform any other jobs at Step 5 of her analysis. While the VE did testify at the hearing to some numbers of jobs that might be available in the national economy based on potential RFCs, the ALJ ultimately adopted none of these.[3] And without an analysis of Plaintiff's sitting/standing abilities, it is impossible for the ALJ (or the VE for that matter) to determine whether Plaintiff could meet the demands of other jobs in the national economy. The Court cannot conclude the ALJ would have found a significant number of jobs at Step 5 had the ALJ made such findings with the specificity required by the Rulings. 20 C.F.R. Sec. 404.1560(c)(2) (ALJ bears burden of demonstrating significant number of jobs exist that claimant

---

[3] This is quite possibly because Plaintiff's counsel's objections and the hearing (R. 115) and in the post-hearing brief (R. 361) made it clear to the ALJ there were serious concerns with the reliability of the VE's testimony as to job availability numbers because the ALJ purported to use the "equal distribution method" to extrapolate numbers of available jobs, yet explained nothing else about this methodology other than it was the one she allegedly employed. Although the Seventh Circuit has not expressly forbid use of the equal-distribution method, the implication of its ruling in *Chavez v. Berryhill*, (7th Cir. 2018) is that a VE needs to justify the reliability of estimates produced using that method when their accuracy is called into question. *Chavez*, 895 F.3d 962, 970 (remanding based on VE job estimates calculated using the equal-distribution method where "nothing in the administrative record allow[ed the court] to conclude with any reliability that the estimates reasonably approximate the number of suitable jobs that exist" for the claimant). The basis for the Seventh Circuit's skepticism about the equal distribution method is that it "rests on an assumption about the relative distribution of jobs within a broader grouping that lacks any empirical footing," *Chavez*, 895 F.3d at 969, an assumption which is almost certainly inaccurate because it relies on the unfounded notion that all job titles within a category exist in equal numbers.

can perform). The Court still must remand the ALJ's decision.

**4. Conclusion**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (dkt. 16) is GRANTED and Defendant's motion (dkt. 21) is DENIED. The case is remanded for further proceedings consistent with this Memorandum Opinion and Order. At this time, the Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff.

Entered: 6/17/2022

                                        Susan E. Cox,
United States Magistrate Judge